GREGORY S. GILCHRIST (State Bar No. 111536)
*ggilchrist@kilpatricktownsend.com*
RYAN T. BRICKER (State Bar No. 269100)
*rbricker@kilpatricktownsend.com*
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:  (415) 576 0200
Facsimile:  (415) 576 0300

Attorneys for Plaintiff
THE HV FOOD PRODUCTS COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE HV FOOD PRODUCTS COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TESSEMAE'S L.L.C., a Maryland limited liability company,<br><br>    Defendant. | Case No. 3:16-cv-07180<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, AND FALSE ADVERTISING; DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant Tessemae's L.L.C. ("Tessemae's" or "Defendant"), Plaintiff The HV Food Products Company ("HV" or "Plaintiff") alleges as follows:

**SUMMARY OF COMPLAINT**

1.    HV owns the "Hidden Valley" brand that it uses on its world famous ranch salad dressing.  For years, HV has used the following famous trademark and trade dress to showcase its brand and trademarks:

/ / /

/ / /



Tessemae's has misappropriated and adulterated HV's trademark, logo, and trade dress in order to trade on HV's goodwill, fame, and popularity with consumers. Tessemae's advertisements appear like this:



This action is necessary to stop Tessemae's deception of consumers and its misappropriation and disparagement of HV's intellectual property and products. HV seeks a preliminary and permanent injunction, damages, and attorneys' fees and costs.

## JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT

2. HV's first, second, third, and fourth claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, *et seq.*). This Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1338(a) and (b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act) and 28 U.S.C. § 1332 (diversity). This Court also has supplemental jurisdiction over the remaining state law claim under 28 U.S.C. § 1367.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Tessemae's transacts affairs in this district, including selling the infringing products in dozens of retail locations in San Francisco County, and because a substantial part of the events giving rise to the claims asserted arose in this district.

1      4.    Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## THE PARTIES

5.    HV is a Delaware corporation with its principal place of business in Oakland, California. HV sells a variety of food products, including its famous ranch salad dressing which is popular throughout the world.

6.    Tessemae's is a Maryland limited liability company headquartered in Essex, Maryland. Tessemae's produces and sells salad dressings and other similar products through third-party retailers and online throughout the United States, including in this judicial district. Tessemae's has authorized, directed, or actively participated in the alleged wrongful conduct.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

**HV and Its Hidden Valley The Original Ranch Mark**

7.    HV produces Hidden Valley® salad dressings, including Hidden Valley, The Original Ranch® dressing, the best-selling salad dressing in the United States.

8.    Steve Henson created the original recipe that became Hidden Valley® ranch salad dressing. HV is informed and believes that Mr. Henson created the salad dressing in the 1950s while working as a plumber in Alaska. Mr. Henson began making and selling his "Ranch" dressing to guests at his Santa Barbara ranch in the 1960s. Mr. Henson formed a company that first used the "Hidden Valley" trademark in approximately 1967. Over the several decades since, HV has sold ranch salad dressing under the "Hidden Valley" brand, creating and popularizing a range of products, related trademarks, and trade dress. HV's Hidden Valley, The Original Ranch® salad dressings are now sold in many countries around the world.

9.    For many years, Hidden Valley, The Original Ranch® dressing has been sold under a distinctive label and color scheme, with distinctive and well-known green and blue banners above the image of a sweeping valley:

/ / /

/ / /

/ / /



10. HV has used the Hidden Valley The Original Ranch® mark, Reg. No. 4464110, and other registered and unregistered HIDDEN VALLEY-formative marks and related trade dress (collectively the "HV Marks") in interstate commerce and in connection with salad dressings, and has used some of the HV Marks for decades.

11. HV owns the following federal registrations, among others:

| | | |
|---|---|---|
| HIDDEN VALLEY<br>Reg. No. 1307312 | Class 29 "Salad Dressing, Salad Dressing Mix and Party Dip." | First Use:  1/3/67<br>Reg. Date:  11/27/84 |
| ORIGINAL RANCH<br>Reg. No. 1549333 | Class 29 "Salad Dressing and Salad Dressing Mix." | First Use:  0/0/74<br>Reg. Date:  7/25/89 |
| HIDDEN VALLEY<br>Reg. No. 2378194 | Class 30 "prepared salad dressing to be used as salad dressing or as a dip." | First Use:  1/23/99<br>Reg. Date:  8/15/00 |
| HIDDEN VALLEY<br>Reg. No. 2379728 | Class 30 "Seasonings." | First Use:  12/31/98<br>Reg. Date:  8/22/00 |
| HIDDEN VALLEY<br>Reg. No. 2518707 | Class 30 "Sauces for use as a toppings on food." | First Use:  10/31/00<br>Reg. Date:  12/11/01 |
| HIDDEN VALLEY<br>Reg. No. 3772118 | Class 30 "Marinades." | First Use:  12/29/09<br>Reg. Date:  4/6/10 |

| | | |
|---|---|---|
| ORIGINAL RANCH<br>Reg. No. 3126973 | Class 30 "Croutons." | First Use:  12/31/94<br>Reg. Date:  8/8/06 |
| Hidden Valley<br>Reg. No. 4393048 | Class 29 "Dip Mixes."<br>Class 30 "Salad dressing; Seasonings." | First Use:  12/31/12<br>Reg. Date:  8/27/13 |
| Hidden Valley THE ORIGINAL Ranch<br>Reg. No. 4464110 | Class 30 "Salad Dressings." | First Use:  1/24/02<br>Reg. Date:  1/7/14 |

12. The registrations are valid and many of them are incontestable. They confirm HV's ownership of and exclusive right to use the HV Marks in commerce, establish the validity of the marks, and serve to notify competitors such as Tessemae's that HV owns the HV Marks and the exclusive right to use them.

13. At various times for decades, HV has advertised and promoted the HV Marks in print, television, internet, social media, and point of sale advertising. Hidden Valley® ranch dressing annually represents hundreds of millions of dollars in sales, and each year a substantial percentage of sales (e.g., approximately 12% in the most recent year) are reinvested in the brand in the form of advertising and promotion.

14. As a result of HV's widespread sales and promotion of products bearing the HV Marks, they have been the subject of extensive media coverage including articles in *Slate*, on *NPR*, and in *The Wall Street Journal*, *The Chicago Tribune*, *The L.A. Times*, *USA Today*, *The Independent*, and *The Washington Post*. In many of these articles, dressing sold under the HV Marks is referred to as "the most popular salad dressing," an "iconic food product," and a "worldwide hit." Long before Tessemae's infringements, the HV Marks were distinct and famous within the meaning of the federal Trademark Dilution Revision Act.

**Tessemae's "There Is Nothing Hidden In Our Ranch" Slogan and Advertising**

15. Tessemae's is the listed applicant for U.S. Trademark Application Serial No. 87081822 for the mark "THERE IS NOTHING HIDDEN IN OUR RANCH," filed with the U.S. Patent and Trademark Office on June 23, 2016, under Section 1B, covering the following

1   goods (collectively, "Tessemae's Products"):  Class 30 "Salad dressing or dipping sauce,

2   namely, ranch dressing."  On November 17, 2016, HV opposed the application in Opposition

3   No. 91231285, which opposition proceeding is now pending before the Trademark Trial and

4   Appeal Board ("TTAB").

5        16.   Despite applying on an intent-to-use basis, Tessemae's proposed mark is in current

6   use on the internet and on social media platforms.  For example, Tessemae's Facebook page

7   includes the following:



23       17.   Tessemae's proposed THERE IS NOTHING HIDDEN IN OUR RANCH mark

24  is superimposed on HV's registered marks and trade dress (collectively "Tessemae's infringing

25  marks") and, together, have a nearly identical appearance and convey the same overall commercial

26  impression as the HV Marks.

27  / / /

28  / / /

COMPLAINT
Case No. 3:16-cv-07180                                                                    - 6 -

18. Tessemae's products are the same type of goods as, and are directly competitive with, HV's products that are advertised, promoted, offered, and sold in connection with the HV Marks.

**Likelihood of Confusion and Dilution**

19. Tessemae's use of Tessemae's infringing marks and superimposition of its proposed trademark on the HV Marks are likely to cause consumers to believe that there is an association between the two parties and to be confused about who is promoting the Tessemae's products or from which party the products originate.

20. Tessemae's infringing marks are nearly identical to the HV Marks so that they are likely to cause dilution of the distinctive quality of the HV Marks and to disparage the brand that HV has worked so hard to build over the last several decades.

21. Tessemae's planned and actual use of Tessemae's infringing marks, by misappropriating elements of the HV Marks, including their distinctive banners and sweeping image of a green valley with "Hidden" in the green banner and "Ranch" in the blue banner, uses nearly every element of the HV Marks.

22. Tessemae's is using the Tessemae's infringing marks in social media, such as Facebook, without making any attempt to differentiate its own brand or to ameliorate the likelihood of confusion, mistake, or deception of consumers as to the source or authorization of Tessemae's ranch dressing. Consumers are consequently likely to believe that HV is releasing a new version or new branding to support a variant of its famous product.

23. Tessemae's has copied numerous features of HV's distinctive and famous HV Marks and related trade dress. Even for consumers who apprehend that Tessemae's products do not originate from HV, Tessemae's proposed infringing marks and their use will dilute the distinctiveness and goodwill enjoyed by the HV Marks, and their unique association with HV.

24. Tessemae's use of its infringing marks is further likely to dilute the HV Marks because it disparages the HV Marks and high quality Hidden Valley® products. Tessemae's advertisements falsely imply that there are ingredients or substances in HV's products that are "hidden."

25. Tessemae's disparagement of the HV Marks and its false and misleading statements about HV have been disseminated in social media and are conspicuously visible on Tessemae's website, among other places. Under the "Nothing Hidden in our Ranch" banner on its website, Tessemae's states: "Our new Creamy Ranch dressing has the same smooth texture you know and love with none of the junk," implying there is "junk" in HV's products.

26. Tessemae's website further states: "Because when making ranch, it's our belief that nothing should be hidden," falsely implying that HV believes it is appropriate to hide what is contained in its products.

27. In juxtaposition with its false and misleading message that something is "hidden" in HV's products, Tessemae's advertises that its product is gluten free. This is likely to deceive consumers to believe there is gluten "hidden" in HV's products. In fact, a number of HV's products, including Hidden Valley, The Original Ranch® dressing, are gluten free.

28. Tessemae's suggestion that there is something hidden in HV's products is likely to dilute the HV Marks and is extremely damaging and harmful to the goodwill and favorable associations among consumers with HV and the famous HV Marks.

29. HV has demanded that Tessemae's immediately cease its willful and deliberate illegal conduct, but Tessemae's has refused and has in fact appealed from a takedown by Facebook of its infringing postings, further demonstrating its unwillingness to desist in its illegal conduct. Tessemae's willful misconduct has injured HV and, if allowed to continue, will cause substantial and lasting harm to HV and its reputation in the marketplace.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT – LANHAM ACT)**

30. HV incorporates the allegations in paragraphs 1 - 29 as if they were fully set forth here.

31. Without HV's consent, Tessemae's has used, in connection with the sale, offering for sale, distribution, or advertising of its products, words, and designs that infringe upon HV's registered HV Marks.

/ / /

1  32. These acts of trademark infringement have been committed with the intent to cause

2  confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

3  33. As a direct and proximate result of Tessemae's infringing activities, HV is entitled

4  to recover Tessemae's unlawful profits and HV's substantial damages under 15 U.S.C. § 1117(a).

5  34. Tessemae's infringement of HV's trademarks is an exceptional case and was

6  intentional, entitling HV to treble the amount of its damages and Tessemae's profits, and to

7  an award of attorneys' fees under 15 U.S.C. § 1117(a).

8  35. HV is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**SECOND CLAIM FOR RELIEF**
**(FALSE DESIGNATION OF ORIGIN – LANHAM ACT)**

11  36. HV incorporates the allegations in paragraphs 1 - 35 as if they were fully set forth

12  here.

13  37. Tessemae's use of the Tessemae's infringing marks falsely describes its products

14  within the meaning of 15 U.S.C. § 1125(a)(1).  Tessemae's conduct is likely to cause confusion,

15  mistake, or deception by or in the public as to the affiliation, connection, association, origin,

16  sponsorship, or approval of Tessemae's products, to the detriment of HV and in violation of

17  15 U.S.C. § 1125(a)(1).

18  38. As a direct and proximate result of Tessemae's infringing activities, HV is entitled

19  to recover Tessemae's unlawful profits and HV's substantial damages under 15 U.S.C. § 1117(a).

20  39. Tessemae's infringement of HV's Marks is an exceptional case and was

21  intentional, entitling HV to treble the amount of its damages and Tessemae's profits, and to

22  an award of attorneys' fees under 15 U.S.C. § 1117(a).

23  40. HV is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM FOR RELIEF**
**(DILUTION – LANHAM ACT)**

26  41. HV incorporates the allegations in paragraphs 1 - 40 as if they were fully set forth

27  here.

28  / / /

Case No. 3:16-cv-07180

- 9 -

42. HV's Marks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were distinctive and famous prior to Tessemae's conduct as alleged in this Complaint.

43. Tessemae's conduct is likely to cause dilution of HV's Marks by diminishing their distinctiveness and disparaging them in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

44. HV is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

### FOURTH CLAIM FOR RELIEF
### (FALSE DESCRIPTIONS OF ANOTHER'S PRODUCT – LANHAM ACT)

45. HV incorporates the allegations in paragraphs 1 - 44 as if they were fully set forth here.

46. Tessemae's has used, in advertising and promotion of its products in interstate commerce, depictions of its products and of HV's products that are false, misleading, confusing, and deceptive in a material way, and that have the tendency to deceive a substantial segment of consumers viewing that advertising and promotion, in violation of 15 U.S.C. § 1125(a).

47. Tessemae's false and misleading statements and depictions were made willfully and/or in bad faith.

48. Tessemae's offending conduct has caused and/or is likely to cause competitive injury to HV.

### FIFTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION – CALIFORNIA BUS. & PROF. CODE § 17200)

49. HV incorporates the allegations in paragraphs 1 - 48 as if they were fully set forth here.

50. Tessemae's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section 17200.

/ / /

/ / /

1    51.    As a consequence of Tessemae's actions, HV has suffered and continues to
2 suffer competitive harm, and is entitled to injunctive relief preventing the conduct alleged in
3 this Complaint, as well as attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**(FALSE ADVERTISING – CAL. BUS & PROF. CODE § 17500)**

6    52.    HV incorporates the allegations in paragraphs 1 - 51 as if they were fully set
7 forth here.

8    53.    Tessemae's false and misleading statements and deceptive conduct, as alleged
9 herein, were made knowingly or in reckless disregard of the truth, and are likely to deceive
10 reasonable consumers about HV and its products.

11    54.    As a consequence of Tessemae's actions, HV has suffered and continues to
12 suffer competitive harm, and is entitled to injunctive relief preventing the conduct alleged
13 in this Complaint, as well as attorneys' fees and costs.

**PRAYER FOR RELIEF**

15    WHEREFORE, HV prays that this Court grant it the following relief:

16    1.    Adjudge that HV's Marks have been infringed by Tessemae's infringing
17 marks in violation of HV's rights under common law, 15 U.S.C. § 1114, and/or California law;

18    2.    Adjudge that Tessemae's has made false and misleading statements, engaged in
19 deceptive conduct, and competed unfairly with HV, in violation of HV's rights under common
20 law, 15 U.S.C. § 1125(a), and/or California law;

21    3.    Adjudge that Tessemae's activities are likely to dilute HV's famous Marks in
22 violation of HV's rights under 15 U.S.C. § 1125(c) and California law;

23    4.    Adjudge that Tessemae's, their agents, employees, attorneys, successors, assigns,
24 affiliates, and joint venturers, and any person(s) in active concert or participation with them,
25 and/or any person(s) acting for, with, by, through, or under any of them, be enjoined and
26 restrained at first during the pendency of this action and thereafter permanently from:

27        a.    Manufacturing, producing, sourcing, importing, selling, offering for sale,
28            distributing, advertising, or promoting any advertisements or products that

     display any words or symbols that so resemble HV's Marks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for HV, including, without limitation, any advertisement or product that bears the Tessemae's infringing marks which are the subject of this Complaint and for which Tessemae's is responsible, or any other approximation of HV's trademarks;

  b. Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Tessemae's or its products with HV, or as to the origin of Tessemae's goods, falsely designates the origin of Tessemae's products, falsely describes or represents the character of HV's products or marks, or falsely advertises or describes HV, its products, or its marks;

  c. Further infringing the rights of HV in and to any of its trademarks in its HV brand products or otherwise damaging HV's goodwill or business reputation;

  d. Further diluting the HV Marks;

  e. Otherwise competing unfairly with HV in any manner;

  f. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5. Adjudge that Tessemae's be required immediately to supply HV's counsel with a complete list of individuals and entities to whom it has provided, offered, distributed, advertised, or promoted, the infringing advertisements as alleged in this Complaint;

6. Adjudge that Tessemae's be required immediately to deliver to HV's counsel its entire inventory of infringing materials, including, without limitation, packaging, labeling, advertising, and promotional material and all plates, patterns, molds, matrices, electronic files, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe HV's trademarks as alleged in this Complaint;

|   |   |
|---|---|
| 1 | 7. Adjudge that Tessemae's, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon HV's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment; |

7. Adjudge that Tessemae's, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon HV's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

8. Adjudge that HV recover from Tessemae's its damages and lost profits, and Tessemae's profits from sales made in conjunction with the infringements, in an amount to be proven at trial, as well as punitive damages under California law;

9. Adjudge that HV be awarded its costs and disbursements incurred in connection with this action, including HV's reasonable attorneys' fees and investigative expense; and

10. Adjudge that all such other relief be awarded to HV as this Court deems just and proper.

DATED:  December 15, 2016

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Gregory S. Gilchrist*
GREGORY S. GILCHRIST
RYAN T. BRICKER

Attorneys for Plaintiff
THE HV FOOD PRODUCTS COMPANY

**DEMAND FOR JURY TRIAL**

HV demands that this action be tried to a jury.

DATED:  December 15, 2016

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Gregory S. Gilchrist*
    GREGORY S. GILCHRIST
    RYAN T. BRICKER

Attorneys for Plaintiff
THE HV FOOD PRODUCTS COMPANY

68959956V.1